**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JACOB B. KERR,

          Plaintiff,

v.                                   CIVIL ACTION NO.  2:25-cv-00608

APPALACHIAN POWER COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Jacob Kerr's ("Plaintiff") Application to Proceed without Prepayment of Fees and Costs ("Application"), (ECF No. 6), Complaint, (ECF No. 2), and an array of other motions, (*see, e.g.*, ECF Nos. 3, 10–13, 15, 17). By standing order entered on September 1, 2024, and filed in this case on October 16, 2025, (ECF No. 4), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on December 18, 2025, recommending this **DENY** Plaintiff's Application, (ECF No. 6), **DENY** as **MOOT** all pending motions, and **DISMISS** this civil action. (ECF No. 8.) Specifically, the PF&R reasons that this matter should be dismissed because the Court lacks subject matter jurisdiction, some of Plaintiff's claims are barred by the Eleventh Amendment, and Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

1

Objections to the PF&R were due on January 5, 2026.  (*See id.*)  Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Objections to the Magistrate Judge's Proposed Findings and Recommendation, Notice of Ongoing Constitutional Deprivation, and Verified Declaration" on January 7, 2026.  (ECF No. 10.) Plaintiff then filed a "Motion for Extension of Time and Objections" on January 20, 2026.  (ECF No. 12.)  Then, on March 3, 2026, Plaintiff filed a Motion for Leave to Amend the Complaint. (ECF No. 13.)

For the reasons discussed herein, this matter is **DISMISSED** for lack of subject matter jurisdiction, and all other motions are **DENIED**.

## I.    BACKGROUND

A detailed recitation of the extensive facts of this action can be found in Magistrate Judge Tinsley's PF&R, (ECF No. 8), and therefore need not be repeated here.   The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Petitioner's objections.

## II.    LEGAL STANDARD

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's

2

proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.    DISCUSSION

Plaintiff's late objections to the PF&R, Motion for an Extension of Time and Objections, and Motion for Leave to Amend are discussed in turn below.

#### A.  Late Objections

As an initial matter, the Clerk's Office did not receive Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Objections to the Magistrate Judge's Proposed Findings and Recommendation, Notice of Ongoing Constitutional Deprivation, and Verified Declaration" until January 7, 2026. (ECF No. 10.)  Plaintiff also failed to move for leave to file these objections beyond the January 5, 2026, deadline.  (*See generally id.*)  Thus, Plaintiff has failed to submit these objections in response to the PF&R,[1] thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Nevertheless, even if these objections were timely, they are meritless.  First, Plaintiff broadly asserts that the PF&R's conclusion that his claims are moot is "contrary to controlling Supreme Court precedent" because his service remains disconnected.  (*See* ECF No. 10 at 3.)

---

[1] While Plaintiff's filing was postmarked January 2, 2026, (*see* ECF No. 10-2), it was not received and filed by the Clerk's Office until January 7, 2026, (*see* ECF No. 10 at 1).  Both this Court and the Fourth Circuit have recognized that the prison mailbox rule, which permits the filing of objections when they were delivered to prison authorities, does not apply to individuals who are not prisoners.  *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996); *Yates v. United States*, No. CV 1:19-00564, 2021 WL 960682, at *1 (S.D. W. Va. Mar. 15, 2021) (Faber, J.) (citing to *Thompson*).  Instead, "the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences . . . ." *Thompson*, 76 F.3d at 534 (applying rule to a notice of appeal).  Consequently, the fact that Plaintiff *mailed* his objections before the deadline does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to *file* objections to the PF&R after the January 5, 2026, deadline.

However, the PF&R recommended that his miscellaneous motions be denied as moot—not his claims. (*See* ECF No. 8.) His other two "objections" are simply legal conclusions about the substance of his claims, (*see* ECF No. 10 at 3–4), that "do not direct the Court to a specific error" in the PF&R, *Orpiano*, 687 F.2d at 47.

Accordingly, these untimely objections are **OVERRULED**.

### B.  *Extension of Time and Objections*

Next, Plaintiff then filed a Motion for Extension of Time to File Objections to the PF&R, (ECF No. 12.) This Motion also includes a set of objections to the PF&R. (*See id.*) For the reasons discussed below, Plaintiff's motion for an extension is **GRANTED**, but his objections are nonetheless **OVERRULED**.

#### 1.  Extension of Time

Under Fed R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." The Fourth Circuit has noted that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996). To determine whether a moving party has established excusable neglect, courts consider the following four factors: (1) "the danger of prejudice to [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was in the reasonable control of the movant, and" (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The most important of the factors . . . is the reason for the failure to [timely] file." *Thompson*, 76 F.3d at 534.

4

Here, the "most important" factor, the proffered reason for the neglect, weighs against the Plaintiff. Plaintiff claims he has "good cause" for an extension of time because the PF&R "was based on a factually incorrect premise that state remedies were exhausted as of October 3, 2025." (ECF No. 12 at 1.) Instead, Plaintiff insists that he could not have filed a "complete objection" until the West Virginia Supreme Court of Appeals ("WVSCA") issued an order denying his motion to file an untimely appeal on January 9, 2026. (*Id.*; *see also* ECF No. 12-1.)

While the WVSCA did not enter this order until January 9, 2026, Plaintiff *knew* that his motion was pending and had not yet been resolved at the time the PF&R was entered. (*Compare* ECF No. 12-1 (noting that Plaintiff filed the motion on November 7, 2025) *with* ECF No. 8 (entered December 18, 2025).) Consequently, Plaintiff could have argued that his state court remedies were not exhausted in timely objections to the PF&R. Thus, Plaintiff's ability to file timely objections to the PF&R was completely within his control. *See Smith v. Look Cycle USA*, 933 F.Supp.2d 787, 791 (E.D.Va.2013) ("A party's failure to act with diligence precludes a finding of excusable neglect." (citing *Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir. 2010)).

Nevertheless, the remaining three factors weigh in favor of extending the deadline. First, there is no danger of prejudice to the defendants. They have, in fact, not opposed Plaintiff's motion. Second, although Plaintiff filed the motion two weeks after the deadline, such delay would not have an impact on the proceedings, as reviewing the PF&R is all that is left to be done. Finally, there is no indication that Plaintiff acted in bad faith by missing the deadline.

Accordingly, Plaintiff's motion, (ECF No. 12), is **GRANTED** to the extent it seeks an extension of time to file objections, and the Court will now consider the otherwise untimely objections contained therein.

5

2. Objections

Plaintiff raises three objections to the PF&R. (*See* ECF No. 12.) Of relevance, Petitioner objects to the PF&R's finding that the Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine because, *inter alia*, Plaintiff's state court proceeding, in which he lost, had already concluded prior to his federal filing. (*See id.* at 2; *see also* ECF No. 8 at 7–13 (taking judicial notice that the WVSCA dismissed Plaintiff's appeal of the Public Service Commission's ("PSC") decision on October 3, 2025).) Again, Plaintiff notes that the WVSCA did not deny his motion for leave to file an appeal out of time until January 9, 2026, which was after he filed suit in federal court on October 15, 2025.[2] (ECF No. 12 at 2.)

However, even if the *Rooker-Feldman* doctrine was inapplicable, the PF&R found that dismissal is also proper pursuant to Rule 12(h)(3). (ECF No. 8 at 10–13.) Specifically, Magistrate Judge Tinsley explained that "it is clear that this civil action does not satisfy 'diversity of citizenship' under 28 U.S.C. § 1332," and "the Court lacks subject-matter jurisdiction based upon a 'federal question' under 28 U.S.C. § 1331, because Plaintiff merely couches his claims against the Defendants in constitutional terms as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." (*See id.*) Plaintiff did not object to these findings and thereby waives *de novo* review and his right to appeal this Court's order.

Accordingly, because the Court lacks subject matter jurisdiction regardless of the *Rooker-Feldman* doctrine, Plaintiff's objections are **OVERRULED**.[3]

---

[2] Plaintiff also claims that he is alleging a "procedural trap" in which Appalachian Power Company ("Appalachian") terminated his services during his appeal window, which was not a decided issue in state court. (ECF No. 12 at 2.)

[3] Because the Court determines that it lacks subject matter jurisdiction, it need not consider Plaintiff's objections based on the substance of his claims and qualified immunity. (*See* ECF No. 12 at 1–2 (objecting to the PF&R's findings that (1) Appalachian is not a state actor under 42 U.S.C. § 1983, and (2) the PSC and its agents are protected by specific types of immunity from suit as to Plaintiff's claims).)

### C.  Motion for Leave to Amend

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (alteration in original) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation omitted)).  "Leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Bailey v. Bradford*, 12 F. Supp. 3d 826, 831 (S.D. W. Va. 2014) (quoting *Friend v. Remac Am., Inc.*, 924 F.Supp.2d 692, 696 (N.D. W. Va. 2013)).  "[A]mending the complaint would be futile" if "'the proposed amended complaint fails to satisfy the requirements of the federal rules.'"  *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)).

Here, Plaintiff seeks to amend his complaint to, *inter alia*, "clarif[y] jurisdictional posture." (*See* ECF No. 13 at 1.)  However, the proposed amended complaint, like the original complaint, simply states that jurisdiction is "proper under 28 U.S.C. §§ 1331 and 1343(a)(3)."[4]  (ECF No. 13-1 at 1.)  Thus, this proposed amendment would be "futile" because it does not cure the lack of

---

[4] The proposed amended complaint also states that, although his state claim is still pending, "a delayed administrative remedy is not a meaningful post-deprivation process under the Fourteenth Amendment."  (ECF No. 13-1 at 2 (internal citations omitted).)  However, as Magistrate Judge Tinsley explained, Plaintiff's due process claim is "mere pretext" to air a state law claim in federal court, as "Plaintiff in the instant action is a West Virginia citizen, suing other West Virginia citizens, concerning operation of contract and West Virginia administrative law.  (ECF No. 8 at 13.) Plaintiff's proposed amendment does not undermine that finding, and the Court is not required "to act as an advocate for a *pro se* litigant."  *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978).

subject matter jurisdiction that Magistrate Judge Tinsley thoroughly explained in his PF&R.  (*See* ECF No. 8 at 11–13.)

Accordingly, Plaintiff's Motion for Leave to Amend the Complaint, (ECF No. 13), is **DENIED**.

### IV.    CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's untimely objections, (ECF No. 10), **GRANTS** Plaintiff's Motion for Extension of Time to File Objections to the PF&R, (ECF No. 12), and **OVERRULES** those timely filed objections, (*id.*).   The Court further **DENIES** Plaintiff's Motion for Leave to Amend the Complaint, (ECF No. 13), **ADOPTS** the PF&R, (ECF No. 8), **DENIES** Plaintiff's Application to Proceed Without Prepaying Fees or Costs, (ECF No. 6), **DENIES** as **MOOT** all other pending motions, (ECF Nos. 10–12, 15, 17), and **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.[5] The Court further **DIRECTS** the Clerk to remove this matter from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:         March 25, 2026

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[5] The absence of subject matter jurisdiction cannot support a dismissal with prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."  *Shing v. MD Dev. Disabilities Admin.*, 698 Fed. App'x 70, 72 (4th Cir. 2017).